Certificate No.: 400534

3.  This policy does not apply to reports of incidents to the Underwriter made by an **Insured**, whether or not made as part of a risk management or claims management program or procedures of an **Insured**, and such reports do not constitute a **claim** first made against an **Insured** during the policy period and reported to the Underwriter during the policy period.

## III. INVESTIGATION, DEFENSE AND SETTLEMENT

A.  Participation by the Underwriter. The Underwriter shall have the right to negotiate, investigate, defend or appeal any **claim** or proceeding which, in the opinion of the Underwriter, is or may be insured under this policy. Each **Insured** shall fully cooperate in all matters pertaining to such **claim** or proceeding.

B.  Settlement. The Underwriter shall have the right to settle any **claim** as it deems necessary.

## IV. PERSONS INSURED

Each of the following is an **Insured** under this policy to the extent set forth below:

A.  Named Insured. The Named Insured and any member, partner, officer, director or shareholder thereof while acting within the scope of their duties in providing **medical professional services** for the Named Insured.

B.  Additional Named Insured. Any physician, nurse, assistant or technician, while providing **medical professional services** under a contract of employment or service contract with the Named Insured, but only while acting within the scope of any contract or employment with the Named Insured and under the control of or of direct benefit to the Named Insured at the time of a **loss event**. Employees of a hospital are not Additional Named Insureds under this policy.

C.  Additional Insured. Any hospital, person or organization to whom or to which the Named Insured is obligated by virtue of a written contract to provide insurance or **indemnity** such as is afforded by this policy, but only with respect to **medical professional services** performed by the Named Insured or an Additional Named Insured.

Notwithstanding the above, this provision does not provide insurance or **indemnity** or **claims expense** to any hospital, person, or organization to whom or to which the Named Insured is or may be obligated to provide **indemnity** by virtue of a written contract with respect to **damages** arising out of the rendering of or failure to render **medical professional services** by any hospital, its agents or employees.

## V. LIMITS OF LIABILITY

A.  The limits of liability stated in the Declarations include all payments on behalf of an **Insured** for both **indemnity** and **claims expense**.

Regardless of the number of (i) Insureds under this policy, (ii) persons who sustain **injury** or **damage** or (iii) **claims** first made or suits brought, the Underwriter's liability is limited and shall not exceed (a) the limit of liability for **indemnity** and **claims expense** stated in the Declarations as applicable to each **loss event**, and (b) the limit of liability for **indemnity** and **claim expense** stated in the Declarations as applicable in the per physician annual aggregate for all **loss events**.

CUL00039

Certificate No.: 400534

B.   The **claim expense** includes, but is not limited to, the following types of expenses:

1.   Defense costs and expenses incurred by the Underwriter, including attorney's fees, all costs taxed against an **Insured** in any suit defended by the Underwriter and all interest on the entire amount of any judgement therein which accrues after entry of the judgement and before the Underwriter has paid or tendered or deposited in court that part of the judgement which does not exceed the Underwriter's limits of liability thereon;

2.   Premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any suit for an amount not in excess of the applicable limit of liability of this policy, but the Underwriter shall have no obligation to apply for or furnish any such bonds;

3.   Reasonable expenses incurred by an agent of an **Insured** at the Underwriter's request in assisting the Underwriter in the investigation or defense of any **claim**;

4.   All other fees, costs and expenses resulting from the investigation, adjustment and defense of a **claim** related to a **loss event** if it is incurred by the Underwriter or its agent or by an Insured with the Underwriter's consent;

Claims Expense does not include:

a.   any **claim expenses** with respect to a **loss event** after the policy limits per **loss event** or in the aggregate per physician are exhausted by payment of **indemnity** or claim expenses or both;

b.   any salary charges of regular employees or of officials of an **Insured** or the Underwriter, or;

c.   any supervisory counsel retained by the Underwriter.

C.   Regardless of (i) the number of **claims** which are made arising out of, resulting from, or related to a **loss event**, or (ii) whether one or more such **claims** are made during one or more policy years or (iii) the number of **Insureds** subject to **claims** (1) only one per **loss event** limit of liability shall apply and (2) once a **claim** has been made under this policy or a successor or predecessor policy, and reported to the Underwriter as provided herein or another insurer as provided by another policy, whether or not such policy was issued by the Underwriter, only the policy against which a **claim** was first made shall be available to pay such **claim** and no other policy shall apply to such **loss event**.

## VI. DEFINITIONS

When used in this policy:

A.   "**Claim**" means the filing of a lawsuit against an **Insured, written notice** of intent to file a lawsuit or to arbitrate against an **Insured**, or a written demand for money or services delivered to an **Insured** with respect to **injury** suffered as a result of a **loss event** subsequent to the **retroactive date** of this policy and which has been reported to the Underwriter in writing prior to the **expiration date** or the expiration of an applicable **Extended Reporting Period**.

B.   "**Claims Expense**" has the meaning given it by Article V., B. of this policy.

C.   "**Damages**" means all compensatory monetary sums which an **Insured** is obligated to pay.

D.   "**Extended Reporting Period**" means the period of time set forth in Section VII., J. below or any endorsement hereto entitling an **Insured** to report in writing to the Underwriter **claims** under this policy for a period after the **expiration date**.

CUL00040

Certificate No.: 400534

E.   "**Expiration Date**" means the date this policy expires as stated in the Declarations or its earlier termination date or cancellation date; if any.

F.   "**Inception Date**" means the date this policy becomes effective as stated in the Declarations.

G.   "**Indemnity**" means those compensatory sums which an **Insured** is or may be legally obligated to pay to an injured party or their heirs, successors or legal representatives as a result of, arising out of, or with respect to a **loss event**.

H.   "**Injury**" means bodily injury, sickness or disease or other injury sustained by any person, their spouse, children or others including mental anguish, loss of income or death resulting therefrom from an act or omission or series of acts or omissions of an **Insured** in the rendering of, or failing to render, **medical professional services**.

I.   "**Insured**" means any person or organization qualifying as an **Insured** pursuant to Section IV above.

J.   "**Loss Event**" means all **damages** to all persons for **injuries** to one patient and his or her spouse or children or any other person, arising out of the rendering of, or failure to render, **medical professional services** to one patient, irrespective of the number of **medical professional services** or **Insureds** involved or the period of time during which such medical **professional services** are rendered or failed to be rendered. One **loss event** may include, but is not limited to, the administration of, or failure to administer, one or more treatments, procedures, tests, drugs, medicines or care by one or more **Insureds** over a period of time which may begin during one policy period and continue beyond into one or more other policy periods.

Only one **loss event** limit of liability shall apply to all **Insureds** for all **damages** to all persons for **injuries** to one patient, which limit of liability shall be the limit under the policy in effect on the date the **claim** is first reported to the Underwriter.

K.   "**Medical Professional Services**" means services directly related to the profession of the practice of medicine.

L.   "**Policy Territory**" means the United States of America.

M.   "**Reporting Period**" means that period of time stated in the Declarations as beginning with the **inception date** of this policy and ending on the **expiration date**, except as extended for an additional limited reporting period pursuant to Section VII., J. below or an additional **Extended Reporting Period** option granted by an endorsement to this policy.

N.   "**Retroactive Date**" means the date stated in the Declarations as the date before which no coverage is afforded by this policy.

O.   "**Written Notice**" means a notice in writing delivered to the Underwriter by a Named Insured or Additional Named Insured complying with the requirements of Article VII., B. below.

## VII. CONDITIONS

A.   Inspection and Audit

1.   The Underwriter shall be permitted, but not obligated, to inspect the Named Insured's property and operations at any time. Neither the Underwriter's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of any **Insured** to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

CUL00041

Certificate No.: 400534

   2.  The Underwriter may examine and audit the books and records of an **Insured** at any time during the policy period and extensions thereof, and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

B.  <u>Insured's Duties in the Event of Claim or Suit</u>

Each **Insured** must comply with each of the following conditions:

1.  In the event of a **claim, written notice** thereof shall be given to the Underwriter as required by this policy as soon as practicable and, in any event, before the **expiration date** or the expiration of any **Extended Reporting Period**. All notices must be in writing and addressed to the Underwriter. Proper notice must contain particulars of an alleged **loss event** sufficient to identify the **Insured**(s) and reasonably obtainable information with respect to the time and date, place and circumstances of the alleged **loss event**, the name of the claimant or claimants, the type of **medical professional services** rendered, the **injury** alleged to be suffered and the names and addresses of the complainant and of any potential witnesses.

2.  If suit is brought against an **Insured**, the **Insured** shall immediately forward to the Underwriter a complete copy of every demand, notice, summons or other process received individually or through a representative, whether or not the suit involves or is likely to involve the coverage afforded by this policy.

3.  Each **Insured** shall cooperate with the Underwriter, and upon the Underwriter's request, assist in making settlements, in the conduct of suit and in enforcing any right of contribution or **indemnity** against any person or organization who may be liable to an **Insured** because of **injury** or **damage** with respect to which insurance is or may be afforded under this policy. Each **Insured** shall attend all hearings and trials and assist in securing and giving evidence and obtaining witnesses.

4.  No **Insured** shall, except at its own cost and expense, voluntarily make any payment, assume any obligation or pay any expense with respect to any alleged **loss event** without the prior written consent of the Underwriter; and, if any **Insured** does any of the foregoing, such **Insured** shall not be reimbursed for such payments under this policy. In the event that an **Insured** makes any such payments, the policy may not cover any **claim** related to such alleged **loss event**.

5.  Each **Insured** shall at all times maintain accurate descriptive records of all **medical professional services** rendered, which records shall be available to the Underwriter as they relate to any **claim** under this policy.

C.  <u>Action Against Underwriter By A Third Party</u>

1.  No action shall lie against the Underwriter by an **Insured** unless, as a condition precedent, there has been full compliance with all of the terms of this policy by the **Insured**, nor until the amount of the **Insured's** obligation to pay has been finally determined, either by judgement against such **Insured** after actual trial, or by written agreement of such **Insured**, the claimant and the Underwriter. Any person or organization, or his legal representative, who has secured such a judgement or written agreement shall thereafter be entitled to recover under this policy to the extent, but only to the extent (and subject to the limits), of the insurance afforded by this policy.

2.  No person or organization shall have any right under this policy to join the Underwriter as a third party to take any action against the **Insured** to determine the liability of the **Insured**, nor shall the Underwriter be impleaded by any **Insured** or its legal representative. Bankruptcy or insolvency of an **Insured** or its estate shall not relieve the Underwriter of any of its obligations hereunder.

CUL00042

Certificate No.: 400534

### D. Other Insurance

1. This insurance is excess over any other valid and collectable insurance available to each **Insured**, with respect to a **loss event** covered by this policy, whether such other insurance is stated to be primary, contributing, contingent, or otherwise, except this insurance is not excess over any other valid and collectable insurance available to those Additional Insureds to which the Named Insured may be obligated by virtue of a written contract to provide insurance such as is afforded by this policy; but only with respect to **medical professional services** performed by or on behalf of the Named Insured and/or Additional Named Insured as provided for by this policy. Amounts collectable under a self-insured trust plan or other self-insured plan are other insurance for purposes of this policy.

2. This Article VII., D. does not apply to excess insurance written specifically to be in excess of this policy. Nothing herein shall be construed to make this policy subject to terms, conditions and limitations of any other insurance.

### E. Subrogation

In the event of any payment under this policy with respect to a **loss event**, the Underwriter shall be subrogated to all the rights of recovery of an **Insured** against any person or organization, and each **Insured** shall execute and deliver instruments and papers and do whatever is necessary to secure these rights of the Underwriter. No **Insured** shall do any act or thing after loss to prejudice such rights. Any amount recovered shall be apportioned as follows: Any person or organization (including an **Insured**) who has paid an amount in excess of the limit of liability hereunder shall be first reimbursed to the extent of such actual payment; the Underwriter shall next be reimbursed to the extent of its actual payment; any balance remaining in the amount of recovery shall be paid to the appropriate **Insured**. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Underwriter, it shall bear the expenses thereof.

### F. Assignment

Assignment of interest under this policy shall not bind the Underwriter unless its consent is endorsed hereon.

### G. Cancellation

1. The Named Insured shown on the Declarations may cancel this policy by mailing or delivering advance **written notice** of intent to cancel

2. The Underwriter may cancel this policy by mailing or delivering to the Named Insured **written notice** of intent to cancel:

   a. Ten (10) days before the effective date of cancellation, if the Underwriter cancels for non-payment of premium, or;

   b. Sixty (60) days before the effective date of cancellation, if the Underwriter cancels for any other reason.

3. The Underwriter will make or deliver its notice of cancellation to the Named Insured's last mailing address known to the Underwriter.

4. The notice of cancellation will state the effective date of cancellation. The policy will end on that date, which shall be and become the **expiration date** of this policy.

CUL00043

Certificate No.: 400534

5.  If this policy is cancelled, the Underwriter will send the Named Insured any premium refund due. If the Underwriter cancels, any refund will be pro rata. If the Named Insured cancels, the refund will be less than pro rata. Cancellation will be effective even if the refund has not been received.

6.  If notice of cancellation is mailed, proof of mailing will be sufficient proof of notice.

H.  Premium

The Named Insured shown on the Declarations:

1.  Is responsible for the payment of all premiums and deductibles, and

2.  If the premium is not financed, will be the payee for any return premium.

3.  If the premium is financed, the Named Insured authorizes the Underwriter to pay any return premium to the premium finance Underwriter.

I.  Agency of Named Insured

By acceptance of this policy, each Named Insured agrees to act on behalf of all **Insureds** with respect to the giving and receiving of notices to and from the Underwriter as provided herein with respect to the exercise of any **Extended Reporting Period**; the cancellation of this policy in whole or in part; the payment of premiums and deductibles when due; and the receiving of any return premiums that may become due under this policy. In addition, all **Insureds** hereby agree that each Named Insured shall have authority to act on their behalf.

J.  Limited Extended Reporting Period

1.  If this policy is cancelled or not renewed by either the Underwriter or the Named Insured for reasons other than the Named Insured's non-payment of premiums and/or deductibles or non-compliance with the terms and conditions of this policy, then such insurance as is afforded by this policy shall apply to **claims** made against any **Insured** during the policy period and reported to the Underwriter as provided herein during the thirty (30) day period immediately following the **expiration date** if, and only if, (i) written notice is received by Underwriter on or before 12:01 A.M. Standard Time on the thirty-first (31st) day following the **expiration date** and (ii) only with respect to a **loss event** (a) occurring subsequent to the **retroactive date** and prior to the **expiration date**, (b) with respect to which **loss event** a written demand was received by the Named Insured or Additional Named Insured prior to the **expiration date**, and (c) which **loss event** is otherwise covered by this policy.

2.  If this insurance is succeeded by similar claims made insurance coverage, whether by the Underwriter or any other insurer, or any other insurance coverage which provides protection to the Named Insured or any Additional Named Insured for **injuries** arising out of the rendering of or failure to render **medical professional services**, on which the **retroactive date** is the same as, or earlier than, the **retroactive date** shown in the Declarations of this policy, then the Named Insured shall have no limited **Extended Reporting Period** hereunder.

3.  In no event shall this limited **Extended Reporting Period** clause apply if the policy is cancelled for failure to pay premiums or deductibles or failure to comply with the terms and conditions of the policy.

CUL00044

4.  In no event will any **claim** reported under this limited **Extended Reporting Period** clause operate to increase or reinstate the limits of liability of this policy. All the terms and provisions of this policy shall remain in full force and effect, including (i) the **loss event** and (ii) per physician annual aggregate all **loss events**, limits of liability of the policy.

K.  <u>Declarations and Endorsements</u>

By acceptance of this policy, the Named Insured agrees that (i) the statements contained in the Declarations and any Endorsements attached to this policy, and any statements made in any applications, surveys, audits or other data supplied to the Underwriter by the Named Insured, and upon which the Underwriter relied in issuing this policy, are its agreements, representations and warranties and are true and correct; (ii) this policy is issued in reliance upon the truth of such statements, agreements, representations and warranties, and such statements, agreements, representations and warranties were material inducements to the issuance of the policy by the Underwriter; (iii) the falsity or material inaccuracy of such statements, agreements, representations and warranties may render void the coverage afforded by the policy; and (iv) this policy and the Declarations and Endorsements attached hereto, embody all agreements existing between all **Insureds** and any Agent and the Underwriter.

**Effective Date:**  November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:**  Encore Medical Staffing, Inc.

C A T L I N

By _____

*Catlin Underwriting Agency U.S., Inc.*

Premium:        Included

## EXTENDED REPORTING PERIOD ENDORSEMENT

This endorsement modifies the insurance provided under the following:

1.  The Underwriters will provide an **extended reporting period** only if:

    a.  This policy is cancelled or non-renewed for any reason except:

        (1)  Failure to pay premiums due; or
        (2)  Failure to pay deductibles due; or
        (3)  Failure to comply with the terms and conditions of this policy; and

2.  The **extended reporting period** will not reinstate or increase the limits of liability or extend the policy period.

3.  The rights under this endorsement will apply only if the Named Insured:

    a.  Provides the Underwriter with **written notice**, postmarked within 30 days of the end of the policy period, of intent to exercise this endorsement; and

    b.  Pays the premium due for this endorsement, postmarked within 30 days of the end of the policy period.

        Premium:        200 %        of expiring annual premium, subject to a minimum
                                     premium of

        Extended
        Reporting Period:   Three (3) years, starting with the end of the policy period.

4.  A **claim** first made during the **extended reporting period** will be deemed to have been made on the date reported to the Underwriter pursuant to the policy Article II., <u>WHEN A CLAIM IS TO BE CONSIDERED AS FIRST MADE</u>, provided the **claim** is for a **loss event** prior to the **expiration date**, but not before any applicable **retroactive date**.

**Effective Date:**  November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:**  Encore Medical Staffing, Inc.

C A T L I N

By _____
Catlin Underwriting Agency U.S., Inc.

Endorsement No. 1

CUL00046

Premium:     Included

## EXCLUSION OF SPECIFIC LOCATION(S),
### MEDICAL SPECIALTY(IES), MEDICAL PROFESSIONAL(S) OR LOSS EVENT(S)

This endorsement modifies the insurance provided as follows:

Loss Event

Location of Loss Event

Location

Medical Specialty

Medical Professional

1.  Article I. <u>COVERAGE</u>, A. <u>Insuring Clause</u> does not apply to **injury** arising out of the **loss event**(s), **location**(s), Medical Professional(s) or Medical Specialty(ies), if any, described above.

2.  The following additional definition applies:

    P.  **"location"** means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

**Effective Date:**  November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:**  Encore Medical Staffing, Inc.

C A T L I N

By _____
Catlin Underwriting Agency U.S., Inc.

CUL00047

Premium:     Included

## DEDUCTIBLE ENDORSEMENT

This endorsement modifies the insurance provided as follows:

1.  The following is added to Article V, <u>LIMITS OF LIABILITY</u>, Section A:

    The **Insured** agrees to indemnify the Underwriter for **indemnity** and **claims expenses** paid by the Underwriter for the following amounts:

    <u>Deductible Schedule</u>

    ☐  **Indemnity** Only                                          per **loss event**
                                                                    aggregate


    ☐  **Claims Expense** Only                                     per **loss event**
                                                                    aggregate


    ☒  **Indemnity** and **Claims Expense**        $25,000         per **loss event**
                                                                    aggregate

    The limits of liability will be reduced by the amount of the deductible.

2.  Section G, <u>Cancellation</u>, 2.a., of Article VII., <u>CONDITIONS</u>, is replaced with the following:

    a.  Ten (10) days before the **effective date** of cancellation, if the Underwriter cancels for non-payment of premium or non-payment of deductible amounts, or;

**Effective Date:**  November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:**  Encore Medical Staffing, Inc.

C A T L I N

By _____
Catlin Underwriting Agency U.S., Inc.

CATMP09(1/01)                    Endorsement No. 3
Page 1 of 1

CUL00048

Premium:     Included

## POLICY AGGREGATE LIMIT OF LIABILITY ENDORSEMENT

This endorsement modifies the insurance provided as follows:

It is agreed that as respects Item 5., Limits of Liability, on the Declarations Page, any reference in the form indicated above and applicable amendatory endorsements to a per physician annual aggregate limit of liability is amended to a policy aggregate limit of liability.


All other terms, conditions and exclusions of the policy remain unchanged.

**Effective Date:**  November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:**   Encore Medical Staffing, Inc.

C A T L I N

By _____
Catlin Underwriting Agency U.S., Inc.

CATMP16(1/01)                    Endorsement No. 4
Page 1 of 1

CUL00049

Premium:      Included

## CANCELLATION AMENDATORY ENDORSEMENT

This endorsement modifies the insurance provided as follows:

In consideration of the premium charged, it is agreed that Article VII. CONDITIONS, Section G. Cancellation, Item 2. b. is deleted in its entirety and replaced by the following:

2. b.      Thirty (30) days before the effective date of cancellation, if Underwriters cancel for any other reason.

All other terms, conditions and exclusions of the policy remain unchanged.

**Effective Date:**  November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:**   Encore Medical Staffing, Inc.

C A T L I N

By _____
Catlin Underwriting Agency U.S., Inc.

CATMP21(1/01)          Endorsement No. 5
Page 1 of 1

CUL00050

**Certificate No.: 400534**

Premium:     Included

## *EXTENDED CLAIM DEFINITION ENDORSEMENT*

This endorsement modifies the insurance provided as follows:

It is agreed that Article II - WHEN A CLAIM IS CONSIDERED AS FIRST MADE, is deleted and replaced by the following:

II.   WHEN A CLAIM IS CONSIDERED AS FIRST MADE

    A.   A claim Against an Insured

       For purposes of this policy, a **claim** against an **Insured** is first made when the Named Insured or an Additional Named Insured receives during the Policy Period (i) a written demand for money or services from a claimant or claimant's attorney or agent or (ii) service of process in a suit or other proceeding seeking **damages** or services, as a result of an alleged **loss event** to which this policy applies, or (iii) when the Named Insured or Additional Named Insured provides **written notice** to the Underwriter of an alleged **loss event** resulting in the following **injuries:**

       A.   Death;
       B.   Paralysis, paraplegia, quadriplegia, spinal cord injury, nerve injury, or neurological defect;
       C.   Brain damage;
       D.   Total or partial loss of a limb;
       E.   Sensory organ or reproductive organ, or loss of or impairment of same;
       F.   Substantial disability or disfigurement.

    B.   A **claim** to which this Policy Applies

       1.   This policy shall cover **claims** arising from an alleged **loss event** made against an **Insured** and reported to the Underwriter, in writing by a Named Insured or Additional Named Insured as provided by this policy.

       2.   A **claim** shall be considered reported to the Underwriter, on the date when the Underwriter first receives **written notice** from a Named Insured or Additional Named Insured that a **claim** has been made against an **Insured** as a result of an alleged **loss event** to which this policy applies.

       3.   This policy does not apply to reports of incidents to the Underwriter, made by an **Insured** as part of a risk management program or procedures of an **Insured**, and such reports do not constitute a **claim** first made against an **Insured** during the Policy Period and reported to the Underwriter during the Policy Period.

CUL00051

It is further agreed that Article VI, Section A is deleted and replaced by the following:

A.  "**claim**" means

1.  the filing of a lawsuit against an **Insured**, and/or

2.  **written notice** of intent to file a lawsuit or to arbitrate against an **Insured**, and/or

3.  a written demand for money or services delivered to an **Insured**, and/or

4.  **written notice** of a **loss event** resulting in the following **injuries**:

    A.  Death;
    B.  Paralysis, paraplegia, quadriplegia, spinal cord injury, nerve injury, or neurological defect;
    C.  Brain damage;
    D.  Total or partial loss of a limb;
    E.  Sensory organ or reproductive organ, or loss of or impairment of same;
    F.  Substantial disability or disfigurement.

    The **written notice** must contain the names of injured parties and any witnesses, the specifics as to the nature, time, and place of the **loss event** and the circumstances by which the **Insured** first became aware of the **injury** suffered; and

    as a result of a **loss event** which occurred subsequent to the retroactive date of this policy and which has been reported to the Underwriter in writing, prior to the expiration date or the expiration of an applicable **Extended Reporting Period** Endorsement.

**Effective Date:**   November 25, 2003
*Attached to and forming part of Certificate No. 400534*
**Issued to:**   Encore Medical Staffing, Inc.

C A T L I N

By _____
*Catlin Underwriting Agency U.S., Inc.*

CUL00052

Certificate No. 400534                                    ʾarc        **Premium: Included**

## *PREMIUM AUDIT ENDORSEMENT*

The premium shown on this policy is provisional.  Within 60 days after the expiration date of this policy, Underwriters will adjust the premium according to the actual number of locum tenens days or hours.  In the event the premium for the actual number of locum tenens days or hours multiplied by the scheduled rate applicable to the territory and specialty exceeds the minimum and deposit premium, the Named Insured agrees to pay additional premium for the number of days/hours that exceed the minimum and deposit premium.

### SCHEDULE OF LOCUM TENENS SPECIALTIES/RATES/EXPOSURE UNITS

| Specialty Description | Territory 1 Daily Rate | Territory 2 Daily Rate | Territory 3 Daily Rate | Territory 4 Daily Rate |
|---|---|---|---|---|
| Anesthesiology | | | | |
| CRNA | | | | |
| Emergency Medicine – No Surgery | | | | |
| Internal Medicine – No Surgery | | | | |
| Obstetrics/Gynecology – Surgical Specialty | | | | |
| Orthopedic – Surgical Specialty | | | | |
| Pathology – No Surgery | | | | |
| Psychiatry – Including Child | | | | |
| Radiology - Diagnostic, No Surgery | | | | |
| General Surgery – Surgical Specialty | | | | |
| Family or General Practice – Urgent Care | | | | |
| Family or General Practice – No Surgery | | | | |

One (1) day is defined as 8 hours.

Rates are subject to the Schedule of Territorial Multipliers:

CUL00053

| State | Metro/Rest of State | Territory Code |
|-------|---------------------|----------------|
| TN | R | 1 |
| TX | R | 1 |
| TX | Brazoria, Galveston, Harris, Jefferson, Montgomery Counties | 4 |
| TX | Dallas, El Paso and Tarrant Counties | 2 |
| TX | Rio Grande Valley County | 4 |
| UT | R | 1 |
| VA | R | 1 |
| VT | R | 1 |
| WA | R | 1 |
| WI | R | 2 |
| WV | R | 3 |
| WY | R | 2 |

**Effective Date:** November 25, 2003
Attached to and forming part of Certificate No. 400534
**Issued to:** Encore Medical Staffing

C A T L I N

By _____
*Catlin Underwriting Agency U.S., Inc.*

Endorsement No. 7

CUL00054

Premium: ($228,132.00)

## CANCELLATION ENDORSEMENT

ITEM 1. NAMED INSURED:                    Encore Medical Staffing, Inc.

ITEM 2. NAMED INSURED'S
        MAILING ADDRESS:                  3000 Old Alabama Road , Alpharetta, GA 30022

ITEM 3. CERTIFICATE NUMBER:               400534

ITEM 4. CANCELLATION
        EFFECTIVE DATE:                   March 15, 2004

ITEM 5. CANCELLATION METHOD:      Fiat ☐      ProRata ☐     Short Rate ☒

ITEM 6. RETURN PREMIUM:

ITEM 7. REASON:                           Non-payment of premium

**Effective Date:** March 15, 2004
Attached to and forming part of Certificate No. 400534
**Issued to:** Encore Medical Staffing, Inc.

CATLIN

By _____
Catlin Underwriting Agency U.S., Inc.

CATMP24(1/01)
Page 1 of 1                    Endorsement No. 8

CUL00055

Sep.23. 2002  6:04PM   SEIBERT KECK                              No.1507   P. 4

09/25/2002  22:45   570057. JB              ENCORE MED STAFF              PAGE 01

:KS

NY

**TAFFING ORGANIZATIONS**

e attach a separate sheet.
partner or officer.
roposed affective date of coverage.
END OF THIS APPLICATION.

| 1. | **APPLICANT INFORMATION** | | | |
|---|---|---|---|---|
| | a. | Name of Applicant Organization: _Encore Medical Staffing, Inc._ | | |
| | b. | Principal business premise address: _3000 Old Alabama Road  119 - #325_ | | |
| | | (Street) | | (County) |
| | | _Alpharetta_          _GA_                        _30022_ | | |
| | | (City)        (State)                     (Zip) | | |
| | c. | [X] Corporation   [ ] Limited Liability Corporation   [ ] Partnership   [ ] Other | | |
| | d. | Number of years under present ownership: _6_ | | |
| | e. | Number of employees:  Full time _____ Part time _____ Total _20_ | | |
| | f. | Coverage is requested for;  A. Locum Tenens [X]   B. Contract Staffing [ ] | | |
| | g. | Proposed Inception Date of Insurance: _10/20/2002_ | | |
| | h. | Limits of Liability Requested: _1M_ (per claim)  _3 M_ (agg.)  _5000_ (deductible) | | |

| 2. | **CLAIMS/HISTORY** | | |
|---|---|---|---|
| | a. | Has the applicant or have any of the employed or contracted physicians: | |
| | | (i) | Ever been the subject of disciplinary or investigative proceedings or reprimand by a governmental or administrative agency, hospital or professional association?......................[ ] Yes [X] No |
| | | (ii) | Ever been convicted for an act committed in violation of any law or ordinance other than traffic offenses?......................................................................................[ ] Yes [X] No |
| | | (iii) | Even been treated for alcoholism or drug addiction?...............................................[ ] Yes [X] No |
| | | (iv) | Ever had any state professional license or license to prescribe or dispense narcotics refused, suspended, revoked, renewal refused or accepted only on special terms or ever voluntarily surrendered same? ....................................................................[ ] Yes [X] No |
| | | (v) | Ever had any insurance company or Lloyd's cancel, decline, refuse to renew or accept only on special terms their malpractice insurance? .............................................[ ] Yes [X] No |
| | | | **Please attach a detailed explanation for any "Yes" answers.** |
| | b | Has any claim or suit for alleged malpractice been brought against you? ..........................[ ] Yes [X] No |
| | c. | Has any claim or suit for alleged malpractice been made against you that has NOT been reported to a prior insurer?....................................................................................[ ] Yes [X] No |
| | d. | Are you aware of any acts, errors, omissions or circumstances which may result in a malpractice claim or suit being made or brought against you?.............................................[ ] Yes [X] No |

SM 6210-02 1/02                    Page 1 of 6

Sep.23. 2002  6:06PM   SEIBERT KECK                              No.1507   P. 9

08/25/2002  22:46   67886, .-00            ENCORE MED STAFF. ⌐            PAGE  06

WARRANTY: It is warranted to Shand Morahan & Company, Inc., that the information contained herein is true and that it shall be
the basis of the policy of insurance and deemed incorporated therein, should the Company evidence its acceptance of this application
by issuance of a policy.  I/We hereby authorized the release of claim information from any prior insurer to Shand Morahan &
Company, Inc., Underwriting Manager for the Company.

PLEASE REVIEW THE POLICY CAREFULLY.  Except to such extent as may be otherwise in the policy, the coverage for which
application is being made is limited to liability for only THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING
THE POLICY PERIOD AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR WITHIN 60 DAYS AFTER THE
EXPIRATION OF THE POLICY PERIOD.

_Robert Beeton_                                  _President_
Name of Applicant                                Title (Officer, partner, etc.)

_[signature]_                                    _8/25/2002_
Signature of Applicant                           Date

*SIGNING THIS FORM DOES NOT BIND THE APPLICANT OR THE INSURER OR THE UNDERWRITING MANAGER TO
COMPLETE THE INSURANCE.  Application MUST be currently signed and dated to be considered for quotation.

SM 6210-02 1/02                    Page 6 of 6

CUL00064

ENCORE MED STAFFING                    NO.4216   P. 4/12   PAGE 03

**Corporate Locum Tenens Underwriting Questionnaire and Application for Professional Liability Insurance**

Please answer all questions. If the information is not known or is to follow, please indicate. If the information requested is not applicable to your organization, indicate "N/A".

**I. GENERAL INFORMATION**

Name of Organization: _ENCORE MEDICAL STAFFING, INC_

Mailing Address: _3000 OLD ALABAMA ROAD     SUITE 119 - #325_
                            Street

_ALPHARETTA_          _FULTON_          _GA_          _30022_
    City                   County            State          Zip Code

Type of ownership:   ☒ Corporation   ☐ Partnership   ☐ Solo Practitioner

Number of years under present ownership: _7_

Contact Person for Billings:

_BEAU BERTON_                    _VP ADM_          _(678) 867-5977_
Name                                    Title                    Phone Number

Contact Person for Claims:

_ROBERT BERTON_                  _PRESIDENT_        _(   ) SAME_
Name                                    Title                    Phone Number

Corporate Medical Director: _____
                                            Name

Proposed Inception Date: _11/22/02_ / _____ / _____

Is Prior Acts coverage needed?   ☒ Yes  ☐ No   Retro Date: _10/24/00_ / _____ / _____

IF "YES", PLEASE COMPLETE THE PRIOR ACTS SUPPLEMENT.

|  | PER OCCURRENCE | AGGREGATE |
|---|---|---|
| Requested Limits of Liability: | $ _1 MIL_ | $ _3 MIL_ |
| Requested Deductible: | $ _10 K_ | $ |
| Requested Self-Insured Retention: | $ _N/A_ | $ _N/A_ |



CUL00065

## II. EXPOSURE BASIS

List below state in which you intend to work and what specialties will be provided.

| State and County where Services are Rendered | Specialties and Classes  *Please Refer to List Below and specify if no surgery or minor surgery class | Annual Locum or Hours/Days |
|---|---|---|
| | SEE  UNDERWRITERS  ATTACHED  SPREADSHEET | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### LOCUM TENEN SPECIALTIES

**DESCRIPTION**
NO SURGERY OTHER THAN INCISION OF BOILS OR SUTURING OF SKIN. Allergy; Cardiology; Dermatology; ENT; Endocrinology; Family Practice; Gastroenterology; General Practice; Gynecology; Hematology; Internal Medicine; Nephrology; Neurology; Oncology; Ophthalmology; Pathology; Pediatrics; Psychiatrists - no shock Treatment; Pulmonary Disease; Radiology (diagnostic) with no invasive procedures; Rheumatology.

MINOR SURGERY. Dermatology; Diabetes; Endocrinology; Family Practice; Gastroenterology; General Practice; Gynecology; Hematology (including bone marrow); Internal Medicine; Nephrology; Neurology; Ophthalmology; Pathology; Pediatrics; Radiology including invasive procedures

Neonatology; Ophthalmology including major surgery; Urology including minor surgery; Therapeutic radiology; Surgical Dermatology; Oncology, procedures such as angiography, arteriography, venography with catheterization.  Emergency Medicine.

Anesthesiology.

General Surgery; Plastic Surgery; ENT with Plastic Surgery; Surgery; Surgery - gynecology.

Surgery - Orthopedic; Thoracic; Vascular; Traumatic; Cardiac; Cardiovascular.

Obstetrics/Gynecology; Family Practice with Obstetrics; Surgery - Obstetrics.

Physical Therapy; Certified Registered Nurse Anesthetists (C.R.N.A.); Occupational Therapy; Speech and Recreational Assistants.

007/0999                                                                              Page 2 of 8

CUL00066

Is the adding of additional specialties contemplated during the coming year:  ☒ Yes   ☐ No

If "Yes," please describe

Provide the following information for the past five years:

| Fiscal Year | Total # of Locum Hours |
|---|---|
| 19 | UNKNOWN AT PRESENT |
| 19 | |
| 19 | |
| 19 | |
| 19 | |

## III. PROFESSIONAL LIABILITY INSURANCE COVERAGE

Current Professional Liability Insurance:

Present Insurance Carrier:   _EVANSTON_

Coverage Type:   ☐ Occurrence                    ☒ Claims Made

IF CLAIMS MADE, ATTACH COPY OF POLICY.

Present Premium:   $59,000

Present Limits of Liability   $ ____1 MIL____   / $ ____3 MIL____

Policy expiration date: _11/22/02_ / _____ / _____

Previous Professional Liability Insurance - past five years:

| Policy Year | Insurance Carrier | Policy Limits | Policy Type | SIR/Deductible Amount |
|---|---|---|---|---|
| 2002 99 | EVANSTON | 1m - 3m | Claims Made | $5,000 |
| 2001 00 | EVANSTON | 1m - 3m | " | " |
| 2000 1999 | EVANSTON | 1m - 3m | ' | " |
| 1999 | WESTERN INDEMNITY | 1m - 3m | " | " |
| 1998 | EVANSTON | 1m - 3m | ' | ' |

Has any company refused coverage, cancelled, or refused to renew any insurance?
☐ Yes   ☒ No  If Yes, please explain: _____

0007000

Page 3 of 8

CUL00067

11/25/2002  01:55    6788679488          ENCORE MED STAFFING        NO-4618    P.06
Nov.26. 2002  1:00PM    6789356032

List all claims for the group and all medical professionals for the last five years.  Use a separate sheet if necessary, or attach a copy of the loss report

| Physician's Name | Institution City/State | Allegation | Type of Injury | Date of Treatment / Date of Claim | Status (Event Claims, Suit) | Amounts Paid to Date | Amounts Reserved to Date | Name of Insurance Carrier |
|---|---|---|---|---|---|---|---|---|
| 1. Russell Alexander, MD | East Texas Medical Tyler, TX | Missed Diagnosis | Breast Cancer | 5/3/1999 | N | | | Evanston |
| 2. Richard Speach, MD | Tolbert Radiology R? | Misdiagnosis | CT Scan | 6/19/02 | Pending | | | Evanston |
| 3. Maurice Sebainski, MD | Community Pathology Abiston NJ | Misdiagnosis | Mammography | 11/26/02 | Pending | | | Evanston |
| 4. William Powell, MD | Scenic MT Big Springs, TX | Injuries | EKG | 10/2/02 | Notice of intent to sue - Scenic MT | | | Evanston |
| 5. | | | | | | | | |
| 6. | | | | | | | | |
| 7. | | | | | | | | |
| 8. | | | | | | | | |

Page #5

CUL00068

11/25/2002  01:56   6788679408          ENCORE MED STAFFING      No.4273   P. 87/2   PAGE  07

Nov. 25. 2002  1:01PM   6788356832

## IV. MEDICAL INDEPENDENT CONTRACTORS/EMPLOYEES

| MEDICAL SPECIALTY | Number Full Time | Number Part Time |
|---|---|---|
| Anesthesiology | N/A | N/A |
| Family Practice | | |
| Emergency Medicine | | |
| Internal Medicine | | |
| Pathology | | |
| Pediatrics | | |
| Psychiatry | | |
| Radiology | | |
| Other | | |

| SURGICAL SPECIALTY | Number Full Time | Number Part Time |
|---|---|---|
| General | N/A | N/A |
| Neurosurgery | | |
| OB/GYN | | |
| Oral Surgery | | |
| Ophthalmology | | |
| Orthopedics | | |
| Plastic | | |
| Urology | | |
| Vascular/Thoracic | | |

Are Referenced listed by new applicants checked in writing? ☒ Yes ☐ No

Are diplomas, licenses and other credentials for applicants verified prior to employment? ☒ Yes ☐ No

Is the initial employment for a specified probationary period? ☐ Yes ☒ No  If "Yes" what is the probationary period?

Does the organization have a formal physician peer-review process? ☐ Yes ☒ No

Are any non-physician professionals (employees/independent contractors) associated with your Organization? ☒ Yes ☐ No  If "Yes," please describe:

Have any of your physicians been involved in an impaired physician program for substance abuse or Mental or nervous disorder? ☐ Yes ☒ No  If "Yes," please attach details

Have any of your physicians had a license suspended or revoked, or hospital privileges suspended or Revoked? ☐ Yes ☒ No  If "Yes," please attach details

Page 8 of 9

CUL00069

## V. Current Physician Roster

1. *Changes weekly*
2. *Locums staffing only*
3. 
4. 
5. 
6. 
7. 
8. 
9. 
10. 
11. 
12. 
13. 
14. 
15. 
16. 
17. 
18. 
19. 
20. 
21. 
22. 
23. 
24. 
25. 
26. 
27. 
28. 

Page 8 of 8

## VI. PRIOR ACTS SUPPLEMENTARY INFORMATION

Name of Group (Insured):  _Encore Medical Staffing, Inc_

Requested Policy Term:  _10/24/00_

PRIOR ACTS COVERAGE IS PROVIDED FOR ALL PHYSICIANS ONLY FOR WORK PERFORMED ON BEHALF OF THE ABOVE NAMED GROUP SUBSEQUENT TO THE RETROACTIVE DATE SHOWN, AND DOES NOT INCLUDE ANY MOONLIGHTING OR WORK PERFORMED OUTSIDE OF THE GROUP CONTRACT. IF COVERAGE FOR WORK OUTSIDE OF THE GROUP CONTRACT IS NEEDED, PLEASE COMPLETE THE FOLLOWING.

Is Prior Acts coverage requested for individual specific physicians for work performed outside of the group?  If so, please provide the following:

| PHYSICIANS NAME | RETROACTIVE DATE | LIMITS DURING RETROACTIVE PERIOD | SPECIALTY | LOCATION |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CUL00071

11/25/2002  01:55   6788579400                    ENCORE MED STAFFING        NO.4273   P. 11/12    PAGE  10

Nov.25. 2002  1:02PM   6789355032

CUL00072

## VI. CONDITIONS OF THE APPLICATION

By applying for Medical Malpractice from Catlin Underwriting Agency USA Inc, I hereby:

- consent to the inspection by Catlin Underwriting Agency USA Inc. or their agents of all documents that may be material to an evaluation of the group's qualifications and competence.

- release from liability Catlin Underwriting Agency USA Inc, their agents and any other individuals for acts performed and statements made in good faith and without malice in connection with evaluating this application and the group's qualifications;

- release from liability any and all individuals and organizations who provide information to Catlin Underwriting Agency Inc, in good faith and without malice concerning the group's professional competence, ethics, character and other qualifications;

I understand that falsification or material inaccuracy of any part of the above information can result in the immediate cancellation of my policy, and that no claims shall be paid nor coverage provided in the event of such falsification or material inaccuracy.

I agree to be bound by the terms and conditions contained in the policy to be issued, in the event this application is approved.

I hereby certify that the above information is correct, and that I have no knowledge of any incidents, pending claims, or any other activities that might result in a claim other than those listed on this application. I authorized release and exchange of information involving underwriting or claims matters among insurance carriers.

_11/22/02_
Date

X _[signature]_
Applicant's Signature

Signing this application does not bind any carriers to complete the insurance. All information requested in this application is considered material and important. If any carrier agrees to be bound under the terms of this application, your policy is void if you withhold any information from us, or attempt to defraud or lie to us a put any matter contained in this application.

Page 5 of 5

CUL00073

**Sweet, Chris**

| | |
|---|---|
| **From:** | Sweet, Chris |
| **Sent:** | Monday, November 25, 2002 6:16 PM |
| **To:** | 'Ed Kupcho' |
| **Subject:** | RE: Encore Medical Staffing, Inc. |

Ed,

We have a problem here.  Where did these 4 claims come from?  My understanding was that the account was loss free.

Chris

——Original Message——
From: Ed Kupcho [mailto:ekupcho@mrmsinc.com]
Sent: Monday, November 25, 2002 1:19 PM
To: Sweet, Chris
Subject: Encore Medical Staffing, Inc.


Please bind Encore Medical Staffing, Inc. with limits of $1,000,000 per loss event and a $3,000,000 policy aggregate for a premium of $147,985.

We will be responsible for filing the taxes and will forward the original application and tax verification form when it is receveid.

A deductible of $10,000 per loss event applies and the retro date is noted as 10/24/00.

If you have any quesitons, please give me a call.  The electronic application is attached.

Edward J Kupcho
President
Medical Risk Management Services, Inc.
2950 West Market Street
Akron, Ohio 44333
Phone (330) 867-3146
Fax (330) 867-7781



1

③

900 Ashwood Parkway, Suite 100, Atlanta, GA 30338
Phone: 770.399.6760        Fax: 770.399.6847

**Potter - Holden & Company**

# Fax

To: ROBERT BERTON          From: DAVID FULLER

Fax: 608-867-9400          Pages: 9

Phone:                     Date: 11-5-02

Re: WILLIAM E. POWELL, M.D.   CC:

Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

ROBERT, THIS POTENTIAL CLAIM WAS
REPORTED BY DR. POWELL TO US.
— PLS VERIFY THAT HE WAS
WORKING FOR YOU AT THE TIME,
AND LET ME KNOW. IF SO, THEN
WE WILL REPORT IT TO
EVANSTON.                    THX,

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this telecopy is strictly prohibited.  If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via United States Postal Service.  Thank you.



# FAX TRANSMISSION

TO: POTTER HOLDEN & COMPANY
     ATTN: AWILDA MARRERO
     FAX: 740-392-6647

FROM: WILLIAM E. POWELL, M.D.
       2602 BAYCREST DRIVE
       HOUSTON, TEXAS 77058
       PHONE & FAX: (281) 333-4595

PAGES including face page: 8

DATE: November 5, 2002

SUBJECT: Potential claim  -

Dear Ms. Marrero:
Thank you for taking my call this afternoon.  This situation is very distressing to me, and I
appreciate your sensitivity.  The face sheet on the hospitalization mentions the name Erich
Byerly, the physician for whom I take call.  He was the admitting physician, whereas I
was the delivering physician.  There also accompanies my dictated summary of the
delivery.  This is the sum and substance of all I know, as the hospital has all the medical
records.  However, I understand that the infant succumbed from her injuries.

Very sincerely yours,

William E. Powell, M.D.

CUL00076

11/26/2002  06:18    6788675400                ENCORE MED STAFFING              PAGE  03
                                                FAX:7703996647                  PAGE  37  5

FILE No.429 11/05 '01 18:49   ID:

FROM : HELEN AND BILL POWELL        PHONE NO. : 2813334595        Nov. 05 2002 01:55PM P2

# MORGAN & WEISBROD, L.L.P.

### ATTORNEYS AND COUNSELLORS AT LAW

11551 FOREST CENTRAL DRIVE · FOREST CENTRAL II, SUITE 300 · DALLAS, TEXAS 75243
MAILING ADDRESS: P.O. BOX 821329 DALLAS, TEXAS 75382

Federal Tax ID 75-2256782
(214) 373-3761

1-800-800-6353    FAX # (214) 739-4732
www.morganweisbrod.com

CARL M. WEISBROD
LEE WEISBROD
DAVID R. NORTON
JENNIFER L. FRY
WILLIAM A. NEWMAN
PAUL SURFHALTER
WESLEE BREUER
GAL LAHAT
LICENSED IN TEXAS AND FLORIDA
JOHN M. DRISKILL

BOARD CERTIFIED - CIVIL TRIAL LAW
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
BOARD CERTIFIED - CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

CONNIE E. McNAMEE, R.N., J.D.
PATRICIA R. STEIN, R.N., Ph.D., C.F.N.P., J.D.
ISOBEL S. THOMAS
LICENSED IN ILLINOIS AND MASSACHUSETTS
KEN BRAXTON
KIP POE, R.N., M.S.N., J.D.
TIFFANY E. HAWKINS

OF COUNSEL
JAMES M. BAUER, M.D., J.D.
CAROLYN BARNES
(AUSTIN CASES ONLY)
DAVID LANGHART
(LUBBOCK CASES ONLY)
MELVIN D. MORGAN, M.D., J.D. (RETIRED)

October 2, 2002

Scenic Mountain Medical Center
c/o Timothy Schmidt, C.E.O.
1601 W. 11th Place
Big Spring, TX 79720

RE:  Destiny Herrera          and          Sylvia Moreno
     DOB: 09/11/02                         02/12/83
     SS#                                   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

Dear Mr. Schmidt:

This office has been retained by the family of Destiny Herrera who believes she suffered injuries while under the care of agents, servants, representatives, and/or employees of Scenic Mountain Medical Center.

This letter is being sent pursuant to Article 4590 (i), Section 4.01(a), Texas Revised Civil Statutes which states:

"Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim."

Section 4.09(d) of Article 4590(i) entitles me to complete unaltered copies of your records including, but not limited to, any and all electronic fetal monitoring strips regarding Destiny Herrera and her mother, Sylvia Moreno, within ten (10) days of the date you receive this letter. You are to consider this letter a request for such records. A medical authorization is enclosed which will permit you to release such records to me.

CUL00077

11/25/2002  06:18   6788675400          ENCORE MED STAFFING          PAGE  04
                                          FAX:7703996647              PAGE  4/  9

FILE No.429 11/05 '01 18:49   ID:

FROM : HELEN AND BILL POWELL          PHONE NO. : 2813334595      Nov. 05 2002 01:56PM P3

Page -2-

TO:  Scenic Mountain Medical Center
     c/o Timothy E. Schmidt, C.E.O.
RE:  Destiny Herrera
DT:  October 2, 2002

Please consider this a notice of intent to file a health care liability claim against Scenic Mountain Medical Center for injuries and damages suffered by Destiny Herrera for the care and treatment rendered.  I suggest you place this letter in the hands of your insurance carrier.

Yours very truly

Lee Weisbrod

LW/et
Enclosures

CMRRR: 7001 1940 0007 0770 4540

CUL00078

**Sweet, Chris**

| | |
|---|---|
| **From:** | Ed Kupcho [ekupcho@seibertkeck.com] |
| **Sent:** | Wednesday, November 27, 2002 6:40 PM |
| **To:** | Sweet, Chris |
| **Subject:** | Encore |

This will go at the new premium.  This is also to confirm the expiring policy with Evanston was incident sensitive.

Please give me your final indication so that I can bind and invoice.  I wrote it down, but I want your figures.

Thanks.

Quote pulled and revised to delete credit for loss experience. Applicant had reported claims to incumbent carrier after initial application submitted. It was noted when they submitted our app at binding.

Chris St
11/27/02



CUL00084

Letter to Lloyd's (Re: Denial of Coverage)                                February 4, 2004
Page 2 of 4

- It provided notice of Morgan & Weisbrod, LLP's representation of the *"family of Destiny Herrera who believes she suffered injuries while under the care of agents, servants, representatives, and/or employees of Scenic Mountain Medical Center"*.
- Said letter was sent in accordance with Article 4590 (i), Section 4.01(a) of the Texas Revised Civil Statutes because it was Morgan & Weisbrod, LLP's position that its clients were *"asserting a health care liability claim"*.
- His letter concluded by stating: *"Please consider this a notice of intent to file a health care liability claim against Scenic Mountain Medical Center for injuries and damages suffered by Destiny Herrera for the care and treatment rendered.  I suggest you place this letter in the hands of your insurance carrier."*

Shortly thereafter, Dr. Powell learned of this October letter and recognized that this claim would apply to him because he had delivered the baby that was the subject of the letter.

| Date | Item | Exhibit |
|---|---|---|
| November 5, 2002 | Dr. Powell contacted Encore's insurance provider at that time, Evanston, via Encore's insurance agent, Potter Holden & Company ("PHC"), of the claim. | B |
| November 8, 2002 | David Fuller, insurance agent for PHC, maintains that he forwarded the October Letter (with Powell's accompanying materials) to Evanston. See cover sheet allegedly sent with same. | C |
| November 22, 2002 | The Evanston policy expired and the Lloyd's of London policy commenced.  (Note Evanston policy was extended 30 days and a copy of the original policy is attached). | D |
| December 3, 2002 | A letter was sent from Morgan to Dr. Powell (similar to the October Letter). ("December Letter"). | E |
| December 19, 2002 | The first date that Evanston acknowledges receipt of information related to this lawsuit.  (See further in Evanston's denial letters attached hereto). | G & H |
| December 22, 2002 | 60 days after the Evanston policy expired.    (See application and further discussion within Encore's reply letter to Evanston). | D |
| December 19, 2003 | A letter was sent from Morgan to Encore (similar to the October Letter). ("December 2003 Letter"). | F |

III.   Summary of Legal Analysis as to Evanston as it related to Lloyd's of London
Evanston has denied coverage in the underlying matter because the October Letter was not a claim under the terms of their policy. See Exhibits G & H, the February 17 and

12/09/2002 03:57  FAX 40   )2784          ENCORE MEDICAL                                          ☑03

FROM : HELEN AND BILL POWELL          PHONE NO. : 2813334595          Dec. 09 2002 10:38AM P3

# MORGAN & WEISBROD, L.L.P.

### ATTORNEYS AND COUNSELLORS AT LAW

11551 FOREST CENTRAL DRIVE - FOREST CENTRAL II, SUITE 300 - DALLAS, TEXAS 75243
MAILING ADDRESS: P.O. BOX 821329 DALLAS, TEXAS 75382

Federal Tax ID 75-2256782
(214) 373-3761
1-800-800-6353     FAX # (214) 739-4732
www.morganweisbrod.com

CARL M. WEISBROD
LES WEISBROD
DAVID R. NORTON
JENNIFER L. FRY
WILLIAM A. NEWMAN
PAUL BURKHALTER
WIEBKE BREUER
GAL LAHAT
LICENSED IN TEXAS AND FLORIDA
JOHN M. DRISKILL

BOARD CERTIFIED - CIVIL TRIAL LAW
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
BOARD CERTIFIED - CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

CONNIE S. McNAMIRE, R.N., J.D.
PATRICIA R. STREM, R.N., Ph.D., C.P.N.P., J.D.
ISOBEL S. THOMAS
LICENSED IN TEXAS, ILLINOIS AND MASSACHUSETTS
KEN BRAXTON
KIP FOE, R.N., M.S.N., J.D.
TIFFANY E. HAWKINS

OF COUNSEL
JAMES M. RAUER, M.D., J.D.
CAROLYN BARNES
(AUSTIN CASES ONLY)
DAVID LANEHART
(LUBBOCK CASES ONLY)
MELVIN D. MORGAN, M.D., J.D. (RETIRED)

December 3, 2002

William Eugene Powell, II, M.D.
450 Medical Center Boulevard, Suite 600
Webster, TX 77598

    RE:   Destiny Herrera, deceased    and       Sylvia Moreno
             DOB: 09/11/02                 02/12/83
             SS#                       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

Dear Dr. Powell:

    This office has been retained by the parents of Destiny Herrera, deceased, who believe she suffered injuries while under your care.

    This letter is being sent pursuant to Article 4590(i), Section 4.01(a), Texas Revised Civil Statutes which states:

        "Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim."

    Section 4.09(d) of Article 4590(i) entitles me to complete unaltered copies of your records regarding Destiny Herrera, deceased, and her mother, Sylvia Moreno, within ten (10) days of the date you receive this letter. You are to consider this letter a request for such records. A medical authorization is enclosed which will permit you to release such records to me.

CUL00149

# MORGAN & WEISBROD, L.L.P.

## ATTORNEYS AND COUNSELLORS AT LAW

11551 FOREST CENTRAL DRIVE · FOREST CENTRAL II, SUITE 300 · DALLAS, TEXAS 75243

MAILING ADDRESS: P.O. BOX 821329 DALLAS, TEXAS 75382

Federal Tax ID 75-2256782

(214) 373-3761

1-800-800-6353     FAX # (214) 739-4732

www.morganweisbrod.com

CARL M. WEISBROD
*· LES WEISBROD
   DAVID R. NORTON
   JENNIFER L. FRY
ɔ WILLIAM A. NEWMAN
   PAUL BURKHALTER
   WIEBKE BREUER
   GAL LAHAT
      LICENSED IN TEXAS AND FLORIDA
*· SPENCER G. MARKLE
   JOHN M. DRISKILL

*  BOARD CERTIFIED – CIVIL TRIAL LAW
·  BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
ɔ BOARD CERTIFIED – CIVIL APPELLATE LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION

CONNIE S. McNAMIRE, R.N., J.D.
PATRICIA R. STEIN, R.N., Ph.D., C.P.N.P., J.D.
ISOBEL S. THOMAS
   LICENSED IN TEXAS, ILLINOIS AND MASSACHUSETTS
KATHRYN LANIGAN WIESER
HEATHER N. GORDON
JASON S. MARINA

OF COUNSEL
JAMES M. RAUER, M.D., J.D.
CAROLYN BARNES
   (AUSTIN CASES ONLY)
DAVID LANEHART
   (LUBBOCK CASES ONLY)
MELVIN D. MORGAN, M.D., J.D (RETIRED)

December 16, 2003

Encore Staffing, Inc.
c/o Robert Garb
13010 Morris Road, 6th Floor
Alpharetta, GA  30004

   RE:  Destiny Herrera, deceased

Dear Mr. Garb:

   This office has been retained by the parents of Destiny Herrera, deceased, who believe she suffered injuries while under the care of agents, servants, representatives, and/or employees of Encore Staffing, Inc.

   This letter is being sent pursuant to Article 4590 (i), Section 4.01(a), Texas Revised Civil Statutes which states:

> "Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim."

   Please consider this a notice of intent to file a health care liability claim against Encore Staffing, Inc., for injuries and damages suffered by Destiny Herrera, deceased,  for the care and treatment rendered.  I suggest you place this letter in the hands of your insurance carrier.

       Yours very truly,

       Les Weisbrod

LW/et
CMRRR:  7003 1010 0004 8483 0995

# C A T L I N

CATLIN UNDERWRITING
AGENCY U.S., INC.

3700 Buffalo Speedway
Suite 600
Houston, TX 77098
Telephone (713) 626-1266
Fax (713) 626-7356

And at Lloyd's
Syndicates 1003 and 2003

**VIA FACSIMILE (678) 867-9400**

February 3, 2004

Robert Berton, MD
Encore Medical Staffing, Inc.
3000 Old Alabama Road, #325
Alpharetta, GA  30022

Re:   *Destiny Herrera v Encore Medical Staffing and William Powell, MD*
       *Our File Number: 366*

Dear Mr. Berton:

We are in receipt of the lawsuit for the above referenced matter, which was forwarded by Kristin Jefferson of Swett & Crawford.  The lawsuit references medical treatment rendered by William Powell, MD that allegedly occurred on 9/10/02.  Encore Medical Staffing's ("Encore") initial Lloyd's of London ("Lloyd's") claims-made policy, number 400248 was effective 11/25/02-11/25/03.  Our records show that this was a known claim prior to the inception date of Encore's initial certificate of insurance, policy number 400248.

Please note the following terms found in Encore's certificate of insurance, policy number 400248, with certain underwriters with Lloyd's:

**I.   COVERAGE**

    **B.   EXCLUSIONS**

        **12.**   To liability of an **Insured** for (i) a **claim** arising out of the rendering of or failure to render **medical professional services** prior to the **retroactive date** shown in the Declaration or (ii) a **claim** which was first brought to the attention of the **Insured** prior to the first date that the Named Insured had current, continuous coverage by the Underwriter.

Since policy number 400248 provides no coverage for this matter, this letter will terminate Lloyd's involvement.  We recommend that you seek legal representation in this matter, but if you do so, it will be at your own discretion and expense.  You may wish to check with your previous individual carrier, as a possibility of coverage may exist there.

Should you have any questions or comments regarding this matter, please feel free to contact me at (713) 235-8305.

Very truly yours,

Andrea Lopes James
In House Counsel



**Swett & Crawford**

371____ __side Parkway, N.W.
200 Northcreek, Suite 800
Atlanta, GA 30327-2806
Phone: 404-240-5200
Fax:     404-240-5393

*Heidi   404-240-5230*

January 15, 2004

RECEIVED JAN 1 9 2004

Chris Sweet
Catlin Underwriting Agency US, Inc
3700 Buffalo Speedway, Ste 600
Houston, TX  77098

RE:    **Encore Medical Staffing, Inc.**
       **Policy No.:   400534**

Dear Chris:

Attached please find information recently received in our office regarding the suit filed in Harris
County, TX on 12/5/03 naming Encore Medical.

If you should have any further questions regarding the above, please feel free to contact the
undersigned.

Yours truly,

*Kristin*

Kristin Jefferson
Healthcare Division

**CUL 325**



BOWEN, MICLETTE & BRITT, INC.
1111 NORTH LOOP WEST, SUITE 400
P.O. BOX 922022
HOUSTON, TEXAS 77292-2022
(713) 880-7100
FAX: (713) 880-7166

January 8, 2004

**RECEIVED**

**JAN 0 9 2004**

**VIA FEDERAL EXPRESS**
**Airbill #792545314471**


Heidi Gosch
Swett & Crawford
200 Northcreek
3715 Northside Parkway, N.W.
Atlanta, GA 30327

RE:   Suit - Encore Staffing, Inc. 12/5/2003
      Request – File with Catlin


Heidi:

Attached is a copy of the suite filed in Harris County, Texas on 12/5/2003 naming Encore
Medical. Please have this document filed with Catlin as soon as possible. Mark should be the
contact person should Catlin wish to discuss this matter with Bowen, Miclette & Britt, Inc.

Your attention to this matter is greatly appreciated.


Sincerely,

*Amy Phillips*

Amy Phillips
Account Manager



Cc:   Mark Ledger

Insurance/Bonds/Risk Management

CUL 326

**Sweet, Chris**

| | |
|---|---|
| **From:** | Ed Kupcho [ekupcho@seibertkeck.com] |
| **Sent:** | Wednesday, November 27, 2002 6:40 PM |
| **To:** | Sweet, Chris |
| **Subject:** | Encore |

This will go at the new premium.  This is also to confirm the expiring policy with Evanston was incident sensitive.

Please give me your final indication so that I can bind and invoice.  I wrote it down, but I want your figures.

Thanks.

Quote pulled and revised to delete credit for loss experience. Applicant had reported claims to incumbent carrier after initial application submitted. It was noted when they submitted our app at binding.

Chris St
11/27/02



CUL00084